IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARGARET B. KWOKA,
2255 E. Evans Ave., Ste. 460A
Denver, CO 80208

      Plaintiff,

      v.

INTERNAL REVENUE SERVICE,
1111 Constitution Avenue, NW
Washington, DC 20224

      Defendant.

C. A. No. 17-1157

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.     This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the production of records containing the names of persons who submitted FOIA requests to the Internal Revenue Service (IRS) for third-party information in Fiscal Year 2015 and the organizational affiliations, if any, of persons who submitted FOIA requests to the IRS that year.

**JURISDICTION**

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3.     Plaintiff Margaret B. Kwoka is an Associate Professor at the University of Denver Sturm College of Law, where she teaches classes on civil procedure, administrative law, and national security law. A significant portion of Professor Kwoka's scholarly research focuses on

FOIA. She is also a member of the National Archives and Records Administration's FOIA Advisory Committee.

4. Defendant IRS is an agency of the United States located within the Department of the Treasury. The IRS has possession and control over the records Plaintiff seeks.

## STATEMENT OF FACTS

5. On January 11, 2017, Professor Kwoka submitted a FOIA request to the IRS for records reflecting a list or log of FOIA requests received by the IRS in Fiscal Year 2015. In particular, Professor Kwoka requested a list or log that includes, for each FOIA request received by the IRS:

1) The FOIA request identification number;

2) The name of the requester for any third-party request (*i.e.*, requests by those seeking records that are not about themselves);

3) The organizational affiliation of the requester, if there is one;

4) Whether the request was made under the Privacy Act as well as FOIA, or whether a privacy waiver was submitted;

5) The result of each FOIA request;

6) If the request was not granted in full, the reason for the denial or partial denial;

7) The fee category assigned to the request for the purpose of making a determination about the applicability of FOIA fees;

8) Indication of whether a fee waiver was requested and, if so, whether that request was granted; and

    9) The dollar amount the IRS charged the requestor for responding to the request, along with the date of the invoice.

  6. By letter dated March 8, 2017, and signed by Ron Mele, Disclosure Manager, the IRS partially denied Professor Kwoka's request. Mr. Mele provided Professor Kwoka a spreadsheet containing records responsive to items 1, 5, 6, and 8 of her request, along with some of the information requested under items 4 and 9. Mr. Mele also informed Professor Kwoka that the IRS did not keep data with respect to item 7 of her request. Finally, Mr. Mele informed Professor Kwoka that the IRS was fully withholding records responsive to items 2 and 3 of her request—the names of third-party requesters and the organizational affiliations of requestors—under FOIA exemption 3, 5 U.S.C. § 552(b)(3), in conjunction with the Internal Revenue Code (IRC), 26 U.S.C. § 6103(a), as well as under FOIA exemption 6, 5 U.S.C. § 552(b)(6). Mr. Mele stated that "FOIA exemption (b)(3) exempts from disclosure matters that are specifically exempted by statute," and that the information withheld under that exemption "consists of third party tax information, the disclosure of which is prohibited by IRC section 6103(a)." Mr. Mele also stated that "FOIA exemption (b)(6) exempts from disclosure files, the release of which would clearly be an unwarranted invasion of personal privacy," and that the IRS "base[d] the determination to withhold on a balancing of interests between the protection of an individual's right to privacy and public's right to access government information."

  7. By letter submitted on or about March 27, 2017, Professor Kwoka timely appealed the IRS's denial with respect to the records requested in items 2 and 3 of her request. The appeal explained that the requested information is "*not* third party tax information" whose disclosure is prohibited by 26 U.S.C. § 6103(a). "We are requesting information about those who are *making* FOIA requests," the appeal noted, "not their identity as taxpayers." Further, the

appeal explained that FOIA exemption 6 does not apply to the requested information because "[t]he name and organizational affiliation of an individual who submitted a FOIA request is not the type of information the disclosure of which would constitute an unwarranted invasion of personal privacy." The appeal cited the Privacy and Security Notice for FOIA Online, which states that information submitted through that website's comment form might be publicly disclosed. The appeal also cited guidance on the Department of Justice's website stating that "in most cases the release of the name of a FOIA requester would not cause even the minimal invasion of privacy required to trigger the balancing tests of Exemptions 6 and 7(C)."

8. By letter dated April 11, 2017, and signed by P. Perez, Appeals Team Manager, the IRS denied Plaintiff's appeal. The denial letter restated the IRS's position that the information requested in items 2 and 3 of the request is exempt from disclosure under exemption 3 as "third party return information" and under exemption 6, because the information "has no public interest and a strong privacy interest."

9. Plaintiff has exhausted all administrative remedies with respect to her FOIA request to the IRS.

10. Plaintiff has a statutory right to the records she seeks, and the IRS has no legal basis for its failure to disclose them.

## CLAIMS FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1) Declare that the IRS's failure to disclose the records Plaintiff requested in items 2 and 3 of her FOIA request is unlawful;

2) Order the IRS to make all of the records responsive to items 2 and 3 of her request available to Plaintiff;

3) Award Plaintiff her costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

4) Grant such other and further relief as this Court may deem just and proper.

        Respectfully submitted,

        /s/ Adina H. Rosenbaum
        Adina H. Rosenbaum
        (DC Bar No. 490928)
        Patrick Llewellyn
        (DC Bar No. 1033296)
        Public Citizen Litigation Group
        1600 20th Street, N.W.
        Washington, DC 20009
        (202) 588-1000
        (202) 588-7795 (fax)

        Attorneys for Plaintiff

Dated: June 14, 2017